NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| U.S. ASIA GLOBAL, INC., | : |
| Plaintiff, | : |
| | : Civil No. 20-5783 (RBK/AMD) |
| v. | : |
| | : **ORDER TO SHOW CAUSE** |
| GLOBAL GEEKS, INC. | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

    **THIS MATTER** coming before the Court upon the Application (Doc. No. 7) of Plaintiff U.S. Asia Global, Inc. for an *ex parte* temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue; and

    **THE COURT NOTING** that Plaintiff alleges that Defendant Global Geeks, Inc. contracted with SZN, LLC ("SZN") for 750,000 masks that qualify as personal protective equipment, at the price of $3.00 per mask, (Doc. No. 1 ("Compl.") at ¶ 39); that SZN hired Plaintiff to obtain these masks and import them into the United states, (*id.* at ¶ 41); that Defendant accepted delivery of 476,000 masks from Plaintiff at Defendant's storage area in Moorestown, New Jersey, (*id.* at ¶¶ 56– 57); that Defendant has now expressed its intent to terminate its purchase order for these masks, is refusing to pay for the 476,000 masks in its possession, and is denying Plaintiff access to the masks to either inspect their condition or to retrieve them, (*id.* at ¶¶ 58–65); and

**THE COURT NOTING** that Plaintiff is now seeking redress through various state law causes of action, including conversion, replevin, detinue, the Uniform Commercial Code, quantum meruit, and unjust enrichment; and

**THE COURT NOTING** that applications for emergency relief are governed by Local Civil Rule 65.1, which provides that "[a]ny party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint," but that "[n]o order to show cause . . . will be granted except on a clear and specific showing . . . of good and sufficient reasons why a procedure other than by notice of motion is necessary," L. Civ. R. 65.1(a);

**THE COURT NOTING** that under Federal Rule of Civil Procedure 65(b)(1)(A), the Court may issue an *ex parte* TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and

**THE COURT NOTING** that Plaintiff's Verified Complaint avers that use of an expedited procedure is necessary because the masks are intended to be used to combat the ongoing COVID-19 pandemic, (Compl. at ¶¶ 15–16, 76, 83), meaning that there is a strong public interest in these masks being routed to end-users as quickly as possible (Doc. No. 7-1 at 18–20); and

**THE COURT FINDING** that Plaintiff has provided good and sufficient reasons why the Court should employ an expedited procedure under Local Rule 65.1, but that Plaintiff has not shown that it will suffer an immediate and irreparable loss before Defendant can be heard under Federal Rule of Civil Procedure 65(b)(1)(A); and therefore

**IT IS HEREBY ORDERED** that Plaintiff's Application is **GRANTED IN PART** and **DENIED IN PART** such that the Court will not issue an *ex parte* TRO but will employ an expedited procedure to hear this matter; and therefore

**IT IS FURTHER ORDERED** that:

1. Defendant show cause why a preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiff the following relief:

   > Requiring Global Geeks, Inc. to immediately allow U.S. Asia Global, Inc. access to Global Geeks, Inc.'s storage area in Moorestown, New Jersey so that U.S. Asia Global, Inc. may retrieve its 476,000 pieces of PPE/masks owned by U.S. Asia Global, Inc. but presently being held by Global Geeks, Inc. in its custody.

2. Defendant must submit a brief on this issue of no more that forty ordinary typed pages, as set forth in Local Civil Rule 7.2, on or before May 19, 2020.

3. The Court shall hold a preliminary injunction hearing at 11:00am on May 22, 2020. The hearing shall be held via Zoom videoconference. The Court shall provide the necessary Zoom link to counsel via email prior to the hearing.

4. If either party wishes to introduce testimony at the May 22 hearing, it must notify the Court and the other party on or before May 20, 2020.

5. Plaintiff must serve a copy of this Order and the papers upon which it is based on Defendant on or before May 15, 2020.


Dated: 5/13/2020                                          /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge